Filed 9/30/20  P. v. Lish CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059179 |
| v. | (Super. Ct. No. 12NF0792) |
| DUSTIN DAVID LISH, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, James Edward Rogan, Judge.  Affirmed.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Dustin David Lish was driving intoxicated when he caused a head-on collision and killed another driver.  He was convicted of second degree murder (see *People v. Watson* (1981) 30 Cal.3d 290 (*Watson*)).  We affirmed the conviction in *People v. Lish* (May 14, 2020, G056801) [nonpub. opn.].

On March 14, 2020, defendant filed a petition for resentencing (Petition) under Penal Code section 1170.95 (section 1170.95) (all further statutory references are to this code), which was enacted as part of Senate Bill 1437 (SB 1437).

The trial court found defendant was statutorily ineligible for resentencing under section 1170.95 and denied the Petition.  In relevant part, the trial court's minute order explained:

"By it's plain language, SB 1437 does not apply to implied malice murder where the petitioner was the actual killer.

"Petitioner argues that the use of term 'natural and probable' in CALCRIM 520, which delineates liability for second degree murder upon express malice and implied malice, brings the statute under the umbrella of SB 1437.  The Court is not persuaded.

"CALCRIM 520 requires the People prove that the petitioner committed an act that cause the death of another with malice aforethought:  'There are two kinds of malice aforethought, express malice and implied malice.  Proof of either is sufficient to establish the state of mind required for murder.  The petitioner acted with implied malice if, (1) he intentionally committed an act; (2) the natural and probable consequence of the act were dangerous to human life; (3) at the time he acted, he knew his act was dangerous to human life; and (4) he deliberately acted with conscious disregard for human life.

"SB 1437 eliminated vicarious murder liability of aiders and abettors of less-serious target crimes.  It did not eliminate implied malice murder for the actual killer. The use of the term 'natural and probable' in CALCRIM 520 is unrelated to the NPCD [natural and probable consequences doctrine] addressed in SB 1437.

2

"Petitioner's suggestion that SB 1437 does not exclude from relief a person convicted of second degree murder who is the actual killer contradicts the language of the enabling legislation which expressed the intent of the legislature that SB 1437's elimination of NPCD was to 'ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill or was not a major participant in the underlying felony who acted with reckless indifference to human life. By its plain terms, SB 1437 did not eliminate implied malice murder.

"In essence, accepting petitioner's argument would require this Court to interpret SB 1437 as abolishing the ruling of [*Watson*] and countless other cases that have affirmed murder convictions for the actual killer where malice was implied by the defendant's actions. There is no statutory or case authority supporting this broad reach.

"Here, the jury found that petitioner was both the actual killer and to have acted with implied malice. The jury was not charged, and he was not convicted, under the NPCD as addressed in SB 1437. He is ineligible for relief under 1170.95."

Defendant appealed from the order denying the Petition.

We appointed counsel to represent defendant on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised the court she found no arguable issues to assert on defendant's behalf. (*Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) To assist us in our independent review, counsel suggested we consider whether the court erred in finding defendant ineligible for relief under section 1170.95.

Defendant filed a supplemental brief on his own behalf, and explained why he feels SB 1437 applies. It can be summarized as follows: He coincidentally knew and respected the victim, and would never do anything to harm him; he harbored no express malice aforethought; he never wanted anybody hurt or anyone to die; the law states, "malice shall not be imputed to any person based solely on his or her participation in a crime"; he had no malicious intent; he did not want to kill anyone; it was an accident.

3

## DISCUSSION

We have independently reviewed the record according to our obligations under *Anders* and *Wende*, but found no arguable issues on appeal, including the issue suggested by counsel.

"'Murder is the unlawful killing of a human being . . . with malice aforethought.' [Citation.] Under prior California law, a defendant who aided and abetted a crime, the natural and probable consequence of which was murder, could be convicted not only of the target crime but also of the resulting murder. [Citation.] This was true irrespective of whether the defendant harbored malice aforethought. Liability was imposed '"for the criminal harms [the defendant] . . . naturally, probably, and foreseeably put in motion."' [Citations.]' [Citation.]" ( *In re R.G.* (2019) 35 Cal.App.5th 141, 144.)

"In 2018, the Legislature enacted [SB 1437] to amend the natural and probable consequences doctrine as it relates to murder. (Stats. 2018, ch. 1015, § 1, subd. (f).) [SB 1437] redefined 'malice' in section 188. Now, to be convicted of murder, a principal must act with malice aforethought; malice can no longer 'be imputed to a person based solely on [their] participation in a crime.' [Citation.]" (*In re R.G., supra*, 35 Cal.App.5th at p. 144.)

SB 1437 achieved these goals by amending section 188 to require that a principal act with express or implied malice, and by amending section 189 to state that a person can only be liable for felony murder if (1) the "person was the actual killer"; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underling felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2, 3.) SB 1437 thus ensures "that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. [Citations.]" (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1147.)

4

The trial court did not err in denying the Petition, because the record of conviction demonstrates defendant was not entitled to relief under section 1170.95 as a matter of law. He was convicted of second degree murder based on an implied malice theory under *Watson*. He was not convicted under a felony murder theory or as an aider or abettor. He was the actual killer, so the SB 1437 changes to sections 188 and 189 do not apply. (Cf. *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58.)

In sum, counsel's assessment there were no arguable issues to raise was manifestly correct. And nothing revealed by our own independent review of the record suggests otherwise.

**DISPOSITION**

The order is affirmed.

THOMPSON, J.

WE CONCUR:

ARONSON, ACTING P. J.

FYBEL, J.